# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**RANDALL D. MCMILLAN,**
**Claimant Below, Petitioner**

**FILED**
September 10, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.)    No. 11-1719**  (BOR Appeal No. 2046053)
                (Claim No. 2004028213)

**WEST VIRGINIA OFFICE OF**
**INSURANCE COMMISSIONER**
**Commissioner Below, Respondent**

**and**

**MERCER COUNTY BOARD OF EDUCATION,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Randall D. McMillan, by Reginald D. Henry, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. The West Virginia Office of Insurance Commissioner, by Jerad K. Horne, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated November 17, 2011, in which the Board affirmed a June 10, 2011, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's May 16, 2010, decision granting Mr. McMillan a 5% psychiatric permanent partial disability award. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. McMillan suffered an injury to his left shoulder, neck, and thoracic spine when he slipped on ice and fell down the stairs. The claim was held compensable for sprain/strain

shoulder/arm. Sprain/strain of thoracic region and sprain/strain of neck region were added as compensable components at a later time. On December 17, 2009, this Court reversed the Board of Review's Order dated October 18, 2007, and ordered that a psychiatric diagnosis be added but it did not specify, which diagnosis was to be added. Dr. Faheem and Dr. Riaz diagnosed Mr. McMillan with a Depressive Disorder that they found was related to this compensable injury. On March 3, 2010, Dr. Riaz concluded that Mr. McMillan had a 5% psychiatric impairment. On August 2, 2010, Dr. Faheem concluded that Mr. McMillan has a 15% psychiatric whole person impairment with only 8% of the impairment attributable to this injury. On September 24, 2010, Dr. Dar concluded that Mr. McMillan had an 8% psychiatric impairment due to the compensable injury.

The Office of Judges affirmed the claims administrator's decision and held that Mr. McMillan was entitled to a 5% permanent partial disability award on a psychiatric basis. On appeal, Mr. McMillan disagrees and asserts that Dr. Faheem's report correctly calculated his disability. He further asserted that Dr. Dar's report bolstered the persuasiveness of Dr. Faheem's conclusion because both of Dr. Dar's impairment ratings totaled more than 5%, proving he is entitled to more than 5%. The West Virginia Office of Insurance Commissioner maintains that Mr. McMillian is relying on the "clearly wrong" standard, which is not applicable in this instance under West Virginia Code § 23-5-15 (2005) and has failed to establish that the Board of Review has violated or misapplied the law.

The Office of Judges determined that Dr. Faheem's finding that Mr. McMillan had a 15% psychiatric impairment placed him in the moderate impairment category where symptom severity is severe; however, the Office of Judges concluded that none of the evaluators identified serious symptoms similar to those given as examples for this classification. It discredited Dr. Faheem's report for failing to specifically identify any contributing factors to Mr. McMillan's psychiatric condition, despite determining that almost half of his psychiatric condition is caused by contributing factors. It concluded that even though Dr. Dar agreed with Dr. Faheem's finding of 8% impairment for this injury, she also provided little reasoning for this conclusion. The Office of Judges relied on Dr. Raiz's finding of 5% psychiatric impairment because it most closely demonstrated that the evaluation and examination of Mr. McMillan were conducted in accordance with the West Virginia Code of State Rules § 85-20-Exhibit B (2006). The Board of Review reached the same reasoned conclusions in its decision of November 17, 2011. We agree with the reasoning and conclusions of the Board of Review.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:  September 10, 2013**

2

**CONCURRED IN BY:**
Chief Justice Brent D. Benjamin
Justice Robin J. Davis
Justice Allen H. Loughry II

**DISSENTING:**
Justice Margaret L. Workman
Justice Menis E. Ketchum